# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **BRIAN KEITH BABINEAUX** | **DOCKET NO. 6:23-cv-1028**<br>**SECTION P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ROYA BOUSTANY** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff Brian Keith Babineaux ("Babineaux"), who is proceeding *pro se* and *in forma pauperis* in this matter. The matter was filed in the Eastern District of Louisiana on July 28, 2023 (doc. 1) and transferred to this Court on or about August 2, 2023 (doc. 4). The plaintiff is currently incarcerated at the Lafayette Parish Correctional Center. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

## Background

The instant complaint names as the sole defendant Roya Boustany in her capacity as an employee of the District Attorney's office. Doc. 1, p. 4. While he states no factual basis for his claims, plaintiff seeks a "thorough investigation" against the defendant as well as "by the book Disaplinary (sic) action done." *Id*. at p. 5.

## **Law and Analysis**

### A. *Frivolity Review*

Babineaux has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*C. Application*

A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. *Geter v. Fortenberry*, 849 F.2d 1550, 1552 (5th Cir. 1988). Absolute immunity is immunity from suit rather than from liability. *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." *Id.* at 1478. The instant complaint is devoid of any facts that establish plaintiff's claims are for any action other than the defendant's role as a prosecutor.

Moreover, Babineaux is not entitled to the relief sought. "Citizens do not enjoy a constitutional right to have their claims investigated by federal or local executive officials." *May v. Kennard Independent School Dist.*, No. 9:96-CV-256, 1996 U.S. Dist. LEXIS 18642, 1996 WL 768039, at *4 (E.D. Tex. Nov. 26, 1996); *see also Langley v. LeBlanc*, No. 15-4396, 2016 U.S. Dist. LEXIS 18967, 2016 WL 626707, at *2 (E.D. La. Feb. 3, 2016) (finding that it did not have the authority to issue an order for a federal investigation, and that the plaintiff had no constitutional right to such an order); *Kates v. Micieli*, No. 2:09-1447, 2010 U.S. Dist. LEXIS 4815, 2010 WL 55916, at *1 (W.D. La. Jan. 4, 2010) (declining to order federal agencies to conduct an investigation of the plaintiff's complaints because the authority to do so lies within the discretion of the executive, rather than the judicial branch) (*citing in part Heckler v. Chaney*, 470 U.S. 821,

3

832 (1985)). Nor is there a constitutional right to a criminal investigation or prosecution. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990); *see also Green v. Revel*, 413 F. App'x 698, 700-01 (5th Cir. 2011) (finding that the dismissal of a complaint that sought in part a criminal investigation counted as a strike because the plaintiff did not have a constitutional right to have a criminal investigation conducted or a person prosecuted) (*citing Oliver*); *Lewis v. Jindal,* 368 F. App'x 613, 614 (5th Cir. 2010) (stating that "private citizens do not have a constitutional right to compel criminal prosecution").

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C.1915(e)(2), as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 14th day of November, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE